UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN,

       Plaintiff,

v.

GEORGE STEPHENSON,
KRISTOPHER STEECE,
REGINA JENKINS-GRANT,
FRANK SGAMBATI,
ALAN GREASON,
JENNIFER TORRES,
TERRY PLEWS,
PAUL DAVIS,
JOHN CRAWFORD,
CHRISTOPHER PATRICIO,
JENNIFER ELROD,
NICOLE CALLOWAY,
KIM FARRIS,
YUSSAF SHAFAU,
WILLIAM BRIDGES,
RENATA PATTON,
LAURA S. HEINRITZ,
EBONY NENROD,
RICKEY JOE COLEMAN,
MONA GOLSON,
CARMEN MCINTYRE-LEON, and
NORBERT FRONZACK,

       Defendants.

Case No. 21-10925
Honorable Laurie J. Michelson

---

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION [20]

Philip Berryman, who is incarcerated at the Macomb Correctional Facility (MRF), seeks a temporary restraining order or preliminary injunction to prevent his

transfer to a different facility, to prevent a medical provider from providing him care, and to guarantee his access to the prison's law library. (ECF No. 20.)

Between his pro se motion for preliminary relief and his (unsigned) affidavit, Berryman makes the following allegations. Berryman says he previously sued Kim Farris, a physician assistant at MRF, for causing him to go deaf. (ECF No. 20, PageID.130.) Farris also previously prescribed him medication to which he was allergic and threatened to place him in segregation if he did not take the medication. (ECF No. 20, PageID.127.) Recently, in December 2021, Berryman told Farris that he did not feel comfortable with her providing medical treatment. (ECF No. 20, PageID.127, 130.) Berryman says that after he told Farris that, she threatened to transfer him to another correctional facility. (*Id.*) She also allegedly stated that she would get other staff at MRF—specifically, Jennifer Torres, Kristopher Steece, George Stephenson, and Alan Greason—to back her up. (*Id.*) Berryman explains that he practices Orthodox Judaism and that only MRF has programming that allows him to practice his faith. (ECF No. 20, PageID.130.)

As relief, Berryman asks the Court to enjoin Farris (as well as Torres, Steece, Stephenson, and Greason) from transferring him from MRF, to enjoin Farris from providing him medical treatment (thus requiring the other two medical providers at MRF to be his sole providers), and to enjoin MRF staff from denying him less than eight hours in the law library each week. (*See* ECF No. 20, PageID.126, 129.)

In response, Farris avers that on December 7, 2021, Berryman was scheduled to be evaluated for back pain associated with a motor-vehicle accident. (ECF No. 33-

1, PageID.510.) According to Farris, when Berryman arrived at her office, he told her that she could not provide him treatment because she is a defendant in this lawsuit. (*Id.*) Berryman left without treatment. (*Id.*) Farris says that two days later, she had a meeting with Berryman about his special accommodation for "ground floor / no steps." (*Id.* at PageID.511.) According to Farris, the MDOC had directed medical providers to review inmates who had that accommodation but who resided at a correctional facility with steps. (*Id.*) Apparently, if an inmate at MRF needed this accommodation, he or she would have to be transferred from MRF because MRF has stairs. (*Id.*) But since MRF also had elevators, including, apparently, in Berryman's housing unit, Ferris told Berryman that she would remove his accommodation for "ground floor / no steps" and add one for elevator use. (*Id.*) Farris says she did not threaten to transfer Berryman and that she provided care consistent with her medical judgment. (*Id.*)

The evidence now before the Court is not sufficient to warrant enjoining Farris (or Torres, Steece, Stephenson, or Greason) from transferring Berryman from MRF. *See Castillo v. Whitmer*, 823 F. App'x 413, 415 (6th Cir. 2020) ("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." (internal quotation marks omitted)); *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020) (providing that the burden of proof for a preliminary injunction is "more stringent than the proof required to survive a summary judgment motion" (internal quotation marks omitted)).

True, Berryman has some limited evidence that Farris or others intend to unlawfully transfer him to another facility. Under Berryman's account, Farris did not mention the transfer until he refused her medical treatment. (ECF No. 20, PageID.130.) And Berryman has provided the special accommodation list of another prisoner who has a "Ground Floor Room—No Stair Steps" accommodation (ECF No. 20, PageID.138) and states that this prisoner would testify that he was not threatened with a transfer (*id.* at PageID.132). Further, it appears that Berryman's special accommodations as of August 2021 already included "Elevator" (ECF No. 20, PageID.136), which gives some reason to question Farris' assertion that she offered to "add" that accommodation (ECF No. 33-1, PageID.512).

On the other hand, there is also evidence supporting Farris' account. An MDOC policy directive states, "If a prisoner's medical detail or special accommodation notice needs cannot be met at their current facility, the prisoner shall be transferred to a facility where their special medical needs can be met unless otherwise approved by the CFA Deputy Director." (ECF No. 33-2, PageID.514–515.) Berryman does not dispute that MRF has stairs. Nor does Berryman dispute that his special accommodations as of August 2021 included "Ground Floor Room—No Stair Steps." So, arguably, that accommodation should have been reviewed under the policy, as Farris testified. Further, Berryman's grievance is somewhat consistent with Farris' account: "Farris came out and stated . . . I had you called out so I can tell you that because you have a ground floor room[,] I'll be putting a transfer on you." (ECF No. 29-16, PageID.481.)

4

In short, even assuming that Berryman would suffer irreparable harm if he were transferred from MRF, Berryman has not carried his burden in showing that a transfer is *likely*. *Online Merchants Guild v. Cameron*, 995 F.3d 540, 546 (6th Cir. 2021) ("[A] plaintiff . . . must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief." (internal quotation marks omitted)); *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 391 (6th Cir. 2020) ("To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" (internal quotation marks omitted)). Here, it appears that if, as Farris suggested, the "Ground Floor Room—No Stair Steps" accommodation were removed and the "Elevator" accommodation maintained, there would be no tension with the MDOC policy. Farris would thus have no legitimate reason to recommend a transfer. Moreover, even if Farris were to recommend a transfer, Berryman would be able to challenge that recommendation, including by arguing that only MRF has programming that allows him to practice his faith. Indeed, Berryman grieved Farris and referenced the Jewish Prisoner Program, but that grievance was not exhausted prior to the filing of his motion. (ECF No. 29-16, PageID.479, 481.) It has been over three months since Berryman has filed his motion for preliminary relief, and he has not indicated that Farris or anyone else is making an ongoing effort to transfer him. (Berryman did not file a reply to Defendants' responses to his motion.) On balance, Berryman has not shown that a transfer is "likely." *See Online Merchants*, 995 F.3d at 546.

As for Berryman's request that Farris be enjoined from providing him medical care, he has not identified any constitutional right to select his prison health care provider. And Berryman has not shown that Farris will not honor a request that she not provide him treatment. In any event, in situations where Farris is the only provider on site when Berryman requires urgent care, it would not be feasible to require treatment by one of the other medical providers. Further, even if Farris is a defendant to this lawsuit and even if she has provided improper care before, that does not show that she would not now attempt to treat Berryman to the best of her medical ability or that Berryman would in any way be deprived of adequate medical treatment.

That leaves Berryman's request that this Court ensure that MRF staff do not deny him less than eight hours of law library access. This request will be denied. To start, the MDOC policy does not guarantee prisoners eight hours of law library time each week. With exceptions not applicable here, the policy states, "each general population prisoner shall be permitted at least four hours per week of law library use in sessions of not less than one hour each." (ECF No. 29-14, PageID.391.) Defendants say that with the exception of two weeks (one of which was a holiday week), Berryman had more than four hours of law library time each week in November and December 2021. (ECF No. 29, PageID.177.) And Defendants have produced logs showing that Berryman had frequent access to the law library in November and December 2021. (ECF No. 29-15, PageID.402–475.) In fact, an MRF staff person who "assist[s] prisoners in the law library on a part time basis" has reviewed these logs and avers,

"[i]n November and December 20201, [Berryman] averaged more than 4 hours of law library access per week." (ECF No. 29-15, PageID.400.) In all, the Court sees no basis for ordering Defendants to give Berryman at least eight hours of law library time per week.

\* \* \*

For the reasons given, Berryman's request for a temporary restraining order or preliminary injunction (ECF No. 20) is DENIED. Berryman's request to not post a bond for preliminary relief (ECF No. 21) is DENIED as moot.

SO ORDERED.

Dated: April 7, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE