UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN,

    *Plaintiff,*

v.

    CASE NO. 2:21-cv-10925

    DISTRICT JUDGE LAURIE J. MICHELSON

GEORGE STEPHENSON, et al.,    MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendants.*
_____/

# REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S MOTION TO STRIKE (ECF No. 43)

## I.    RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **DENY** Plaintiff's motion to strike (ECF No. 43).

## II.    REPORT

### A.    Background

Philip Berryman is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") who brings a variety of constitutional claims against twenty-two

---

[1] Magistrate judges may only issue binding orders on nondispositive matters. *Bennett v. Gen. Caster Serv. Of N. Gordon Co., Inc.*, 976 F.2d 995, 997 (6th Cir. 1992). Whether a motion to strike is "dispositive" depends on the averments it seeks to strike from the pleadings. *Berry v. Specialized Loan Serv., LLC*, No. 2:18-cv-02721, 2020 WL 4698318, at *3 (W.D. Tenn. Aug. 13, 2020). A motion to strike an entire claim, defense, or pleading, would be dispositive, whereas a motion to strike only a portion of a complaint would be nondispositive. *Id.*; *see also Stevenson v. Ocwen Loan Serv., LLC*, No. 14-cv-13115, 2015 WL 2083513, at *2 n.2 (E.D. Mich. May 5, 2015). Here, because Berryman moves to strike an entire pleading, his motion concerns a potentially dispositive issue. Accordingly, I issue a report and recommendation in leu of a binding order. *See Herrerra v. Mich. Dept. of Corr.*, No. 92-1570, 2011 WL 3862426, at *1 n.1 (E.D. Mich. July 22, 2011) (citing *Massey v. City of Ferndale*, 7 F.3d 506, 508 (6th Cir. 1993).

1

Defendants. (ECF No. 1, PageID.1, 3, 14–18, 36–40.) Twenty of these Defendants work directly for the MDOC, while the remaining two, Joe Coleman and Kim Farris, work for Corizon Correctional Healthcare. (ECF No. 40, PageID.39.)

Coleman and Farris filed a timely answer to Plaintiff's complaint. (ECF No. 36.) Their answer followed the structure of Plaintiff's complaint, providing a response to each corresponding paragraph of the complaint. (*Id.*) Coleman and Farris admitted that this Court has jurisdiction over the matter, but they either denied, or asserted that they lacked sufficient information to answer, every other allegation in the complaint. (*Id.*)

Most of Plaintiff's complaint alleged facts that concerned the other twenty defendants, and his complaint also included several legal conclusions. (ECF No. 1.) In both instances, Coleman and Farris asserted that they were not required to provide a response. (ECF No. 36.) But in the alternative, Coleman and Farris denied all of Plaintiff's legal conclusions and every allegation concerning a codefendant. (*Id.*)

Coleman and Farris also included a section in their where they alleged various affirmative defenses. (*Id.* at PageID.584–87.) Many of these "affirmative defenses," however, were not affirmative defenses at all, but bare assertions that Berryman could not establish the elements of his claims. (*Id.*) Where Coleman and Farris did raise actual affirmative defenses, they generally provided only legal conclusions without any factual allegations to support their defenses. (*Id.*)

On April 5, Berryman filed a motion to strike (1) Coleman and Farris's entire answer, and (2) their response to a motion Berryman filed for a preliminary injunction.[2] Coleman and Farris have not responded to Plaintiff's motion, and the deadline to file a response has expired. *See* E.D. Mich. LR 7.1(e)(1).

**B.   Analysis**

Although Berryman labels his motion as a motion to strike, he also requests relief for several unrelated issues. Specifically, Berryman requests sanctions, summary judgment, and disqualification of Coleman and Farris's attorney. (ECF No. 43, PageID.741, 743.) These issues, however, are buried in his motion and not meaningfully developed. (*See id.*) Accordingly, I will only construe Berryman's motion as a motion to strike Coleman and Farris's answer and their response brief. If Berryman wishes to address the other issues mentioned in his brief, then he may file separate motions for each issue and completely explain his grounds for relief.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This is a "drastic remedy" which courts should be hesitant to grant. *Hill v. Herbert*, No. 13-cv-11228, 2014 WL 234217, at *2 (E.D. Mich. Jan. 22, 2014) (internal quotation marks

---

[2] Federal Rule of Civil Procedure 12(f) requires parties to file a motion to strike within twenty-one days of receiving service for the pleading at issue; however, Berryman filed his motion more than two months after the Coleman and Farris filed their complaint. (ECF Nos. 35, 43.) But this does not dispose of Berryman's motion. Rule 12(f) also gives courts the power to strike a pleading on their own, even where a party has filed an untimely motion to strike. *Arnold v. Bayview Loan Serv., LLC*, No. 14-0543, 2016 WL 375154, at *8 (S.D. Ala. Jan. 29, 2016); *Ashokkumar v. Elbaum*, No. 4-3067, 2012 WL 4508123, at *1 (D. Neb. Sept. 28, 2012); *Betts. v. Peterson*, No. 10-00568A(F), 2010 WL 4140824, at *4 (W.D.N.Y. Oct. 21, 2010).

3

omitted) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). While courts have "broad discretion" to strike pleadings, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (6th Cir. 2000); *Brown*, 201 F.2d at 822; *see also* 5 Charles Alan Wright et al., *Federal Practice and Procedure* § 1380 (3d ed. 2022).

    1.    **Defendants' Response Brief**

I suggest that the Court should decline to strike Coleman and Farris's response to Plaintiff's motion for a preliminary injunction for two reasons. First, this issue is moot—the Court has already denied Plaintiff's motion for a preliminary injunction. (ECF No. 39.) And second, Plaintiff cannot move to strike a response brief, or an attached exhibit, under Rule 12(f). *Berkley v. Deutsche Bank Nat. Trust Co.*, No. 2:12-cv-02642, 2014 WL 1795828, at *7 (W.D. Tenn. May 6, 2014) (quoting *Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006)). Rule 12(f) provides "the sole basis" for striking a document from the record. *Id.* However, Rule 12(f) applies only to "pleadings," which the Federal Rules of Civil Procedure define as either complaints or answers. *See* Fed. R. Civ. P. 7(a). No other document is considered a "pleading." *Id.* Accordingly, the Court cannot strike Coleman and Farris's response brief from the record.

    2.    **Defendants' Answer**

I also suggest that the Court should not strike Coleman and Farris's answer. Although Berryman asks the Court to strike Coleman and Farris's entire pleading, the

Court may not grant this relief. Indeed, Rule 12(f) only permits courts to strike defenses or matters "from" a pleading, and the Sixth Circuit has interpreted this language to mean that courts cannot use Rule 12(f) to strike an entire pleading. *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018). Rather, courts may only strike the portions of a pleading that violate Rule 12(f). *Id.*; *see also Rahaman v. American Connect Fam. Prop. and Cas. Inc.*, No. 20-11628, 2020 WL 5687324, at *3 (E.D. Mich. Sept. 14, 2020); Wright et al., *supra*, § 1382.

Nor should the Court strike any portions of the answer with which Berryman takes issue. In support of his motion, Berryman makes three arguments for why he believes the answer violated Rule 12(f). Berryman first argues that Coleman and Farris's attorney "impermissb[ly]" answered the complaint on behalf of Defendants who were represented by different counsel.

This is false—Coleman and Farris's attorney filed their answer on behalf of his clients, and at no point did he purport to answer the complaint on behalf of any other Defendant. (*See* ECF No. 35, PageID.546, 584.) Indeed, Coleman and Farris asserted that they need not respond to allegations against their codefendants, and they only denied these allegations in the alternative. (*Id.* at PageID.546–81); *see* Fed. R. Civ. P. 8(b)(1)(A) (providing that a party need only respond to the claims "asserted against it"); *Fidelcor Bus. Credit Corp. v. Price*, No. 90-6025, 1990 WL 205900, at *1 (N.D. Ill. Dec. 6, 1990).

Next, Berryman argues that Coleman and Farris's answer violated Rule 8(b). (ECF No. 43, PageID.740.) He explains that the Defendants "failed to give any voice to the

5

substance for their denials" because they did not adhere to "one of the three alternatives permitted by Rule 8(b). (*Id.*)

Under Rule 8(b) a responding party must "admit or deny" each allegation asserted against it. Fed. R. Civ. P. 8(b)(1)(B). Any denial must "fairly respond to the substance of the" opposing party's allegation. Fed. R. Civ. P. 8(b)(2). Additionally, a party may state that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation." Fed. R. Civ. P. 8(b)(5). Such a statement "has the effect of a denial. *Id.* However, "answers that neither admit nor deny" are insufficient under Rule 8(b). Wright et al., *supra*, § 1264. For example, statements that "simply demand proof" of an allegation, dismiss an allegation as a legal conclusion, or ignore allegations as "immaterial" do not respond to the substance of a complaint. *Id.*; *Texas v. United States*, No. 1:18-cv-00068, 2019 WL 10984476, at *2 (S.D. Tex. Jan. 9, 2019).

Coleman and Farris's answer complies with these rules. The only instances where Coleman and Farris arguably do not fairly respond to the substance of Berryman's allegations are where they assert that they need not respond to Berryman's legal conclusions. However, every time Coleman and Farris assert that they need not respond to a legal conclusion in Berryman's complaint, they also deny each legal conclusion in the alternative. (ECF No. 35.)

These allegations comply with Rule 8. The purpose of an answer is to narrow the range of issues and "apprise the opponent of" which "allegations in the complaint" will "stand admitted." Wright et al., *supra*, § 1261. Coleman and Farris's answers do precisely

6

that. Although they maintain that they need not answer Berryman's legal conclusions, they nonetheless inform Berryman of which legal conclusions they do, and do not, contest. *see* Fed. R. Civ. P. (d)(2) (allowing parties to plead alternative defenses); *cf. In re Caceres*, No. 18-80776, 2020 WL 6891916, at *2 (M.D.N.C. Nov. 3, 2020) (holding that a defendant did not violate Rule 8 by maintaining that it need not answer legal conclusions when it also denied the plaintiff's legal conclusions in the alternative). I suggest that Coleman and Farris's answer does not violate Rule 8, and even if it did, this kind of violation is not so egregious that the Court must strike their pleading. *Farrell v. Pike*, 342 F. Supp. 2d 433, 441 (M.D.N.C. 2004).

Further, I suggest that the Court cannot strike a pleading under Rule 12(f) for failing to respond to the substance of an allegation. Rule 12(f) only allows courts to strike insufficient defenses or "redundant, immaterial, impertinent, or scandalous" matters from a pleading. Fed. R. Civ. P. 12(f). But a statement that an allegation need not be answered because it constitutes a legal conclusion falls under none of these categories. *Sinclair Cattle Co.. Inc. v. Ward*, No. 1:14-cv-1144, 2015 WL 6125260, at *2 (M.D. Pa. Oct. 16, 2015) ("The challenge that a pleading runs afoul of Rule 8(b) is not within the literal scope of a Rule 12(f) motion to strike."); *see Ortega v. New Mexico Legal Aid, Inc.*, No. 18-111, 2019 WL 3936834, at *2 (D.N.M. Aug. 20, 2019) (holding that alleging a fact in "bad faith" is "not a ground for striking a matter under Rule 12(f)").

Indeed, Coleman and Farris's statements are not "defenses," nor are they "redundant" because they do not needlessly repeat other averments. Wright et al., *supra*,

§ 1382. They are not immaterial or impertinent because they do not advance irrelevant factual information. *Id.* And they are not "scandalous" because they do not "cast a derogatory light on someone." *Id.*

Although most courts would use Rule 12(f) as a vehicle to correct Rule 12(b) violations, I suggest that the court should not fall in line with this approach. *See, e.g.*, *Sinclair*, 2015 WL 6125260, at *2. The drafters of Rule 12(f) did not design the rule to correct any deficiency in a pleading—they limited the scope of Rule 12(f) to specific, enumerated situations, none of which apply here. *See Curto v. Erie Cty. Water Auth.*, No. 18-cv-00695, 2021 WL 5854962, at *2–3 (W.D.N.Y. Sept. 29, 2021); *Gulf Restoration Network v. E.P.A.*, No. 18-1632, 2018 WL 5297743, at *4 (E.D. La. Oct. 25, 2018) (declining to utilize Rule 12(f) as a vehicle to correct Rule 8 errors). *See generally N.L.R.B. v. S.W. General, Inc.*, 137 S. Ct. 929, 940 (2017) (explaining that generally, the expression of a list of items implies the exclusion of all items not mentioned).

Last, Berryman asserts that Coleman and Farris "purportedly raised 'affirmative defenses' by inappropriately using a general denial." (ECF No. 43, PageID.741.) Berryman provides no further elaboration, and the undersigned cannot determine what, exactly, Berryman means to argue. (*Id.*) A general denial is a broad averment that a party denies every allegation in an opposing party's pleading. Wright et al., *supra*, § 1265. Because "situations in which [a] complaint can be completely controverted are quite rare," general denials are disfavored, and are appropriate only in "exceptional" circumstances.

*Id.* Accordingly, the Federal Rules of Civil Procedure require any party asserting a general denial to do so in good faith. Fed. R. Civ. P. 8(b)(3).

But Coleman and Farris do not plead a general denial, and even if they did, a general denial would have nothing to do with their affirmative defenses. Indeed, Coleman and Farris responded to each paragraph, individually, and they admitted jurisdiction. (ECF No. 35, PageID.547.) While it is true that Coleman and Farris did not admit any averments beyond Berryman's jurisdictional allegations, this is unsurprising given the nature of Berryman's complaint. Indeed, most of Berryman's complaint concerns events that exclusively involved Coleman and Farris's codefendants, and the few paragraphs that addressed either Coleman or Farris comprised of prejudicial facts one would not expect either Defendant to admit. (*See id.* at PageID.570, 572; ECF No. 1, PageID.29–32.) But more importantly, even if Coleman and Farris pled a general denial, Berryman does not explain how it is possible to raise an affirmative defense "by inappropriately using a general denial." (ECF No. 43, PageID.741.)

The Court need not entertain arguments, like Berryman's, that are underdeveloped. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1989). Berryman does not identify the specific averments with which he takes issue, he does not provide the Court with any caselaw that might illuminate his argument, and he spends only a single sentence explaining his rationale. (ECF No. 43, PageID.741.) "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson*, 125 F.3d at 995–96 (internal quotation marks omitted) (quoting

9

*Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)); *see also Ricks v. Pauch*, No. 17-12784, 2020 WL 1640166, at *25 (E.D. Mich. Apr. 2, 2020). Rather than guess what Berryman means to say, the Court should consider this argument waived.

### E. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Defendant's motion to strike (ECF No. 43.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 26, 2022                                    S/ PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge