UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN,

      *Plaintiff,*

CASE NO. 2:21-cv-10925
DISTRICT JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

*v.*

GEORGE STEPHENSON,
KRISTOPHER STEECE,
RAGINA JENKINS-GRANT,
ALLEN GREASON,
KIM FARRIS, JOE COLEMAN,
CARMEN MCINTYRE,
JENNIFER TORRES,
NICOLE CALLOWAY,
IYABO SHAFAU, and
RICKEY COLEMAN,

      *Defendants.*
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING/DUE PROCESS HEARING (ECF No. 140)

    Plaintiff Philip Berryman, a Michigan Department of Corrections' ("MDOC") inmate currently housed at Thumb Correctional Facility ("TCF") in Lapeer, Michigan, filed suit in this Court pursuant to 42 U.S.C. § 1983 alleging First and Eighth Amendment violations by MDOC employees while housed at the Macomb Correctional Facility ("MRF"). (ECF No. 94). He filed this motion requesting the court hold an evidentiary hearing or due process hearing for sanctions, alleging that Defendants'

1

attorney engaged in bad faith by intentionally fabricating evidence and offering it to the Court to mislead the Court and bolster their fraudulent claims. (ECF No. 140, PageID.1898, 1901, 1904).

In essence, Berryman alleges that the declarations from Jaquine Castillo and Deputy Warden Mark McDonald submitted by the MDOC Defendants to support their opposition to Plaintiff's motion for a preliminary injunction are fabricated and that the MDOC policy exhibits were manipulated. (*Id.* at PageID.1898–1901 (referring to ECF Nos. 135-1, 135-3, 135-7)). He requests that an evidentiary or due process hearing[1] be scheduled (ECF No. 140, PageID.1901, 1906, 1910) or he be granted summary judgment (*id.* at PageID.1898). The MDOC Defendants counter that Plaintiff's motion for an evidentiary hearing should be denied as (i) there is no legal authority requiring a court to hold such a hearing to determine if a pleading is filed in bad faith and determine if sanctions are appropriate and (ii) the motion is premature as at the time of the evidentiary hearing motion's filing Plaintiff's Preliminary Injunction/TRO motion was still pending. (ECF No. 142, PageID.1940, 1942).

Plaintiff "cite[s] no case law mandating a district court…to hold an evidentiary hearing to determine the bad faith of a party presenting an affidavit." *Sutton v. Small*

---

[1] Berryman requests a due process hearing but provides no further explanation, detail, or supporting authority as to what a "due process hearing" is and what rule, statute or regulation grants the Court the authority to order such a hearing. As the Court is not familiar with such a hearing and has been provided no guidance as to its origin Berryman's request for such a hearing cannot be addressed and certainly cannot be granted.

*Business Administration*, 92 F. App'x 112, 118 (6th Cir. 2003). Nor has the court seen any such authority. In fact, review of the case law demonstrates that evidentiary hearings are requested and held in a more limited instances (e.g., matters involving habeas corpus cases, motions challenging personal jurisdiction, *Daubert* motions, etc.). *See Gamboa v. U.S.*, No. 1:05-CV-199, 2005 WL 2704507, at *2 (W.D. Mich. Oct. 20, 2005) (court has discretion to schedule an evidentiary hearing to address an § 2255 motion); *see Feinstein v. Faramex, Inc.*, No. 11-14571, 2012 WL 1110010, at *1 (E.D. Mich. Apr. 3, 2012) (a court may hold an evidentiary hearing to resolve a motion to dismiss for lack of personal jurisdiction); *see Al Qari v. Am. Steamship Co.*, Case No. 21-cv-10650, 2023 WL 5202311, at *4 (E.D. Mich. Aug. 14, 2023) (a district court may resolve a *Daubert* motion with or without holding an evidentiary hearing depending on the adequacy of the record).  Moreover, an evidentiary hearing is not guaranteed and instead the decision to schedule such a hearing remains in the Court's discretion. *See Stanford v. Parker*, 266 F.3d 442, 459–60 (6th Cir. 2001) (a party is not entitled to an evidentiary hearing if their claims are meritless).  Berryman has cited no authority for the proposition that the Court may hold an evidentiary hearing to assess whether the declarations proffered by Castillo and McDonald were submitted in bad faith and the Court has found none.  Although it is within the Court's discretion to schedule an evidentiary hearing, in light of the lack of authority presented by Berryman, the Court declines to hold an evidentiary hearing to assess whether the declarations were filed in bad faith in this instance.

3

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: September 14, 2023              s/ PATRICIA T. MORRIS
                                      Patricia T. Morris
                                      United States Magistrate Judge