UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP BERRYMAN,

    *Plaintiff,*

v.

GEORGE STEPHENSON,
KRISTOPHER STEECE,
RAGINA JENKINS-GRANT,
ALLEN GREASON,
KIM FARRIS, JOE COLEMAN,
CARMEN MCINTYRE,
JENNIFER TORRES,
NICOLE CALLOWAY,
IYABO SHAFAU, and
RICKEY COLEMAN,

    *Defendants.*

CASE NO. 2:21-cv-10925
DISTRICT JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

_____/

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S SECOND[1] MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 125)

Plaintiff Philip Berryman, a Michigan Department of Corrections' ("MDOC") inmate currently housed at Thumb Correctional Facility ("TCF") in Lapeer, Michigan, filed suit in this Court pursuant to 42 U.S.C. § 1983 alleging

---

[1] Plaintiff's first Motion for Appointment of counsel was filed on July 28, 2022 and denied, without prejudice, on August 1, 2022.

1

First and Eighth Amendment violations by MDOC employees while housed at Macomb Correctional Facility ("MRF").  (ECF No. 94).

Berryman represents that he is no longer able to litigate the instant action on his own due to (i) the inability to afford counsel, (ii) his medical issues (e.g., recent stroke), (iii) the complexity of the case, (iv) limitations on access to the prison law library, and (v) the dismantling of his legal file by prison officers.  (ECF No. 125, PageID.1656–57).

Plaintiff's motion to appoint counsel will be **DENIED**.  Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case.  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995).  The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances.  *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993).  In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs'

ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

Plaintiff's complaints, responses to dispositive motions, motion practice, and communications with the Court demonstrate that he possesses the ability to state his claims, argue his positions, and respond to future motions. (*See, e.g.,* ECF Nos. 1, 70, 94, 100, 131). The Court does not find the issues raised in the case to be factually or legally complex. Plaintiff also raised the limited access to legal resources and dismantling of his legal file as grounds for which he believes appointment of counsel is warranted, but neither of these grounds raises to the level of what the Court would deem qualifies as an exceptional circumstance. *Lavado*, 992 F.2d at 605–06. Further, based on Plaintiff's motion it is not clear how the appointment of counsel would rectify either of these issues. Last, Plaintiff raises his medical condition as a reason for why counsel should be appointed but does not explain how his medical condition limits his ability to represent himself in

3

the action. In fact, Plaintiff's subsequent filings after the instant motion demonstrate that he remains capable of litigating this action.

Accordingly, **IT IS ORDERED** that Plaintiff's Second Motion for Appointment of Counsel (ECF No. 125) is **DENIED WITHOUT PREJUDICE**. In the future, Plaintiff may again request appointment of counsel if he can demonstrate a change in circumstances that would necessitate the assistance of counsel.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: September 14, 2023                    s/PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge