UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILIP BERRYMAN, | Case No. 2:21-cv-10925 |
| *Plaintiff*, | Laurie J. Michelson |
| v. | United States District Judge |
| GEORGE STEPHENSON, et al., | Patricia T. Morris |
| *Defendants*. | United States Magistrate Judge |
| _____/ | |

### ORDER DENYING DEFENDANT RICKEY COLEMAN AND DEFENDANT KIM FARRIS' MOTION TO STAY (ECF No. 178)

**I. Introduction**

This is a prisoner civil rights action. Before the Court is a motion to stay filed by Defendant Rickey Coleman and Defendant Kim Farris. (ECF No. 178). For the reasons explained below, this motion will be **DENIED**.

**II. Background**

Coleman and Farris are both former employees of Corizon Health, which was a private company that provided healthcare services to inmates in the custody of the Michigan Department of Corrections. Sometime after Plaintiff filed this action, Corizon filed for Chapter 11 Bankruptcy in the Southern District of Texas. Because of Corizon's bankruptcy filing, nearly all civil claims against it were automatically stayed under the Bankruptcy Code pending resolution of the bankruptcy

1

proceedings. Under this Court's inherent authority, it entered a stay of the entire case—even though the claims here are against former employees of Corizon rather than Corizon itself—"until the bankruptcy proceedings are terminated or the Bankruptcy Court lifts the stay as to this matter." (ECF No. 164, PageID.2168).

A few months ago, the Bankruptcy Court entered an Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization of the Tort Claimants' Committee Official Committee of Unsecured Creditors, and Debtor. (*In re Tehum Care Services, Inc.*, No. 23-90086, ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025)). That Plan is now in effect, meaning that claims brought by individuals who have opted out of the Plan may proceed.

On April 21, 2025, the Court held a status conference via Zoom with Plaintiff and defense counsel. During the conference, Plaintiff stated that he mailed in a form to opt out of the Plan. Counsel for Coleman and Farris then discussed the matter with Plaintiff. Following that discussion, counsel for Coleman and Farris indicated that Plaintiff had opted out and that Defendants would *not* be contesting whether Plaintiff properly opted out. Based on counsel's representation, the parties and Court agreed that the next steps in the case would be lifting the stay and scheduling this matter for a settlement conference. The Court proceeded accordingly by lifting the stay (ECF No. 176) and scheduling a settlement conference for June 30, 2025 (ECF No. 177).

### III.     **Discussion**

Coleman and Farris now request entry of a new stay because the Bankruptcy Court is currently considering motions to enjoin plaintiffs from prosecuting cases against them and other similarly situated individuals. (ECF No. 178, PageID.2246–47). Coleman and Farris also state in a footnote that "[Plaintiff] was not a creditor to the bankruptcy proceeding as he did, upon information and belief, not file a valid proof of claim. Bankruptcy documents indicate that his vote was rejected as 'Creditor not in a voting class.' " (*Id.* at PageID.2247 n.1). However, this is not new information. The rejection of Plaintiff's vote was discussed during the status conference and despite this fact, counsel for Coleman and Farris stated that he would *not* be contesting the validity of Plaintiff's optout of the Plan.

There is no question that defense counsel's motion conflicts with the position counsel took during the status conference, which the Court not only recollects but also memorialized in a written order. *Cf. Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 358 (S.D. Ohio 2012) (explaining that whether the moving party supported its motion with transcript or affidavit for an off-the-record status conference was "of little consequence given this Court's own clear recollection of the proceeding before it"). Whether the instant motion reflects a mistake on counsel's part or an attempt to deliberately mislead the Court is not known. Regardless, counsel cannot say one thing at a status conference and another in a

motion. This principle has been routinely applied by courts. For example, several courts have stricken amended complaints that went beyond the scope of the leave to amend orally granted by the courts. *See id.* at 359; *U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 153 (D.N.J. 2007) (striking excessive amendment to complaint when oral grant of motion to amend was implicitly limited to counsel's representation concerning simple addition of party); *Dover Steel Co. v. The Hartford Accident and Indemnity Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993) (rejecting notion that order granting leave to amend following telephone conference granted leave "to file any old amended complaint," when court had relied upon different tendered amended complaint than that which was filed).

Moreover, to the extent that counsel disagreed with the Court's recollection of the hearing, he could have filed objections to the April 22 order. Federal Rule of Civil Procedure 72(a) concerns objections to a magistrate judge's non-dispositive orders. Relevantly, it provides: "A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). The instant motion was filed on May 29, 2025, which means even if it could be construed as an objection, it would be untimely.

## IV. Conclusion

For these reasons, Coleman and Farris' motion to stay (ECF No. 178) is **DENIED**. The parties and counsel are expected to appear at the settlement conference on June 30, 2025. Moreover, counsel for Coleman and Farris is cautioned that all filings must comply with Federal Rule of Civil Procedure 11(b) and that failure to comply may result in sanctions under 11(c).

**IT IS SO ORDERED.**

Dated: June 9, 2025

s/PATRICIA T. MORRIS
PATRICIA T. MORRIS
United States Magistrate Judge