UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILIP BERRYMAN,<br><br>      Plaintiff,<br><br>v.<br><br>GEORGE STEPHENSON et al.,<br><br>      Defendants. | Case No. 21-10925<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**ORDER ON PRETRIAL MOTIONS [117, 123, 126, 148, 157, 161, 183]**

Philip Berryman filed this *pro se* prisoner civil rights action in April 2021 against several defendants (many of whom have since been dismissed from the case) alleging a failure to provide medical accommodations in violation of his First, Eighth, and Fourteenth Amendment rights. (ECF Nos. 1, 94.) After a year-long unsuccessful mediation process, all pretrial matters in this case were referred to Magistrate Judge Patricia Morris in April 2022. (ECF No. 41.)

Then, in February of 2023, Corizon Health—a private company that used to provide healthcare services to inmates in the Michigan Department of Corrections— declared bankruptcy. (*See* ECF No. 164, PageID.2163.) Two of the defendants in this case, Rickey Coleman and Kim Farris, were formerly employed by Corizon and did not know if Corizon was going to finance their legal expenses or indemnify them for any potential liability after its bankruptcy. (*Id.* at PageID.2167 ("[U]ntil Corizon's Bankruptcy matter is resolved, neither defendant can know whether Corizon will provide funds for their legal defense or indemnification. Yet that information is

crucial for either defendant to make informed decisions regarding their defense.").) So, in October of 2023, Judge Morris administratively stayed the case pending the finalization of Corizon's bankruptcy plan. (*Id.* at PageID.2163.)

A few years later, in March of 2025, the Bankruptcy Court entered an Order Confirming the First Modified Joint Chapter 11 Plan of Reorganization. *In re Tehum Care Servs., Inc.*, No. 23-90086 (Bankr. S.D. Tex. Mar. 3, 2025), ECF No. 2014. With the Plan in place, Judge Morris held a status conference with the parties via Zoom where they discussed next steps. (Minute-Entry, April 21, 2025.) In a subsequent written order, Judge Morris advised that "the parties and the Court agree that the stay of proceedings should now be LIFTED." (ECF No. 176, PageID.2242.)

With the stay now lifted, there are multiple pending reports and recommendations from Judge Morris and objections to them, as well as objections to some non-dispositive orders, that this Court must address. The Court will take them chronologically.

## I.

*Motion to Supplement.* First, more than two years ago now, Berryman filed a motion to supplement his complaint. (ECF No. 111.) He sought to add new claims against new defendants at the facility he had been transferred to.[1] (*See* ECF No. 117, PageID.1545.) Judge Morris issued a report and recommendation to deny his motion,

---

[1] The allegations made in Berryman's initial complaint were regarding his treatment at Macomb Correctional Facility, whereas the allegations he sought to add here were against officials at Thumb Correctional Facility, the prison he was transferred to.

2

finding that, among other things, Berryman's proposed additions would be futile because he failed to allege viable First and Eighth Amendment claims. (*See generally* ECF No. 117.) Berryman objected (ECF No. 123) and the MDOC defendants responded (ECF No. 127).

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

3

Here, the Court has conducted this *de novo* review and agrees with Judge Morris' recommendation. Indeed, this Court would venture a step further than Judge Morris' sound reasoning to note that while motions to amend should, absent a legitimate reason, be "freely given," *Foman v. Davis*, 371 U.S. 178, 182 (1962), Judge Morris was well within her discretion to deny Berryman's motion to amend considering that she had already allowed Berryman two previous amendments (*see* ECF Nos. 88, 94)—both well after the filing of Berryman's initial complaint. In a similar vein, the Court notes that while the motion to amend at issue was denied by Judge Morris back in April of 2023, it seems to have had little impact on the parties' ability to thoroughly litigate this case. Thus, if after several years of litigation here, Berryman still wishes to litigate new claims against new parties, he can do so by filing a new lawsuit. *See, e.g.*, *Goldman v. Elum*, 2019 WL 3289819, at *5 (E.D. Mich. July 22, 2019.) ("A supplemental pleading cannot be used to introduce a separate, distinct[,] and new cause of action."). But the Court will not allow him to amend his complaint for a third time. Accordingly, the Court ADOPTS the report and recommendation (ECF No. 117) and OVERRULES Berryman's objections (ECF No. 123).

*Stipulation and Order Permitting Substitution of Counsel.* A couple of weeks after Judge Morris issued the aforementioned report and recommendation, Coleman and Farris obtained new counsel. As is standard practice, their previous attorneys and new attorneys submitted a proposed stipulation and order to substitute counsel, which Judge Morris granted. (ECF No. 120.) Berryman then objected, arguing that

4

"[Chapman] Law Group [was] attempting [to] shuffle Defendants Coleman and Farris off to another law firm . . . which would requirement [sic] further postponements." (ECF No. 126, PageID.1666.) The Court finds no merit in this argument, and no clear error in Judge Morris' order permitting substitution. *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). So the Court OVERRULES Berryman's objection. (ECF No. 126.)

*Motion for Preliminary Injunction*. Next, Berryman filed a motion seeking an emergency temporary restraining order and/or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a). (ECF No. 131.) Berryman alleged that while he was being transferred to a hospital for medical treatment, a non-defendant correctional officer gave away his personal property—including his clothing—in retaliation for Berryman requesting zipper pants and snap button shirts. (*Id.* at PageID.1727–1728.) His motion asked the Court to order defendants to: (1) order zipper pants from an outside source, (2) return all his property, (3) stop threatening to transfer him, and (4) stop withholding medical treatment for an injury to his right eye. (*Id.* at PageID.1731.)

In recommending the denial of Berryman's request for injunctive relief, Judge Morris reasoned that his First Amendment retaliation claim was likely to fail on the merits because he did not plead a causal connection between the filing of this lawsuit and the removal of his clothing accommodations—indeed, the corrections officer who allegedly took Berryman's clothing is not a defendant in this case, so his knowledge of this litigation and his motive for allegedly retaliating against Berryman is unclear.

5

(ECF No. 148, PageID.1998.) Further, Judge Morris explained that record evidence shows that MDOC officials did not simply take away zippered pants from Berryman but rather stopped providing zipper pants to all prisoners because its supplier stopped producing them. (*Id.* at PageID.1999 (citing ECF No. 135-5, PageID.1819).) Likewise, Judge Morris reasoned that Berryman could not demonstrate irreparable harm because prison medical staff offered to provide Berryman with reasonable alternative accommodations, such as Velcro pants. (*Id.* at PageID.2001 (citing ECF No. 135-5, PageID.1819, 1823).)[2]

As for Berryman's request for the return of his property, Judge Morris found that (1) some of Berryman's property had been returned and (2) he failed to allege that available state post-deprivation remedies were inadequate. *See Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985) (finding there is no cause of action under § 1983 for a party to recover for the negligent loss of property if there are adequate state remedies); *Benson v. Osborn*, No. 12-447, 2013 WL 3730421, at *7 (W.D. Mich. July 15, 2013) (finding that Michigan provides adequate post-deprivation remedies for deprivation of property). Finally, as for Berryman's request to enjoin threats of transfer and to provide immediate treatment for an eye injury, Judge Morris found that (1) he did not provide the Court with enough facts or information to deduce which officials were making the threats or the context in which the threats were made (ECF

---

[2] The Court also notes that, in its review of the record evidence, it would seem at the time Berryman demanded access to zipper pants, he already had at least two pairs in his possession. (*See* ECF No. 135-5, PageID.1819 ("He is wearing a different pair of zipper pants today, not new but different than the pair that he had previously. He refuses to discuss further about the pants.").)

6

No. 148, PageID.2004–2005) and (2) because his complaint made no mention of withholding of medical treatment for his eye, he cannot use a PI or TRO as a mechanism to obtain relief (*id.* at PageID.2005–2006).[3]

Berryman makes several objections, mostly disagreeing with how Judge Morris weighed the evidence before her. He alleges that the statements and documents provided by MDOC employees in defendants' response to his motion for injunctive relief (ECF No. 135) are untrue. (*See* ECF No. 157, PageID.2081 ("Defendants . . . are banking that this Court will not order a hearing for the TRO/PI . . . and that this Court will not challenge the truthfulness of their false pleadings."); *id.* at PageID.2083 ("[T]he declarations are made up by an MDOC employee who after years of meaningless jobs within the MDOC or at a prison are given a title of litigation coordinator . . . basing an R&R upon such is taking the word of one party over the other party.").) For instance, he takes great issue with defendants' representation that its supplier stopped providing zippered pants or that such pants could be a security risk, but provides this Court with no reason to believe that defendants are misleading the Court. Further, he argues that Judge Morris is holding him to a higher standard than defense counsel (*id.* at PageID.2086), and emphasizes a need for an evidentiary hearing (*see, e.g., id.* at PageID.2079 ("Had the Court given the plaintiff a full hearing . . . the Court would see that Defendants[] through their attorney ha[ve] built a house of cards that cannot stand.")).

---

[3] It would also seem that since Judge Morris' order, Berryman underwent surgery to treat his eye pain. (*See* ECF No. 152, PageID.2026 ("[S]ome progress has been made in that I've underwent [e]ye surgery and [am] starting to feel better.").)

7

The Court does not agree. Judge Morris already considered many of these arguments and had the opportunity to weigh the relevant record evidence. And "[m]erely expressing disagreement with the conclusion reached by the Magistrate Judge is not sufficient to adequately state an objection." *Smith v. Comm'r of Soc. Sec.*, No. 15-13149, 2016 WL 4727473, at *2 (E.D. Mich. Sept. 12, 2016) (citing *Peacock v. Comm'r of Soc. Sec.*, No. 15-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016)). This Court finds no error in Judge Morris' preliminary injunction analysis and agrees that Berryman failed to demonstrate such extreme relief is warranted here. *See Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014) ("A preliminary injunction is an extraordinary measure—'one of the most drastic tools in the arsenal of judicial remedies.'" (quoting *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001))). Accordingly, the Court ADOPTS the report and recommendation (ECF No. 148) and OVERRULES Berryman's objections (ECF No. 157).

*Motion for an Evidentiary Hearing*. Next, the Court considers Berryman's objection (ECF No. 161) to Judge Morris' order denying his motion for an evidentiary hearing (ECF No. 155). In his motion for a hearing, Berryman alleged that declarations from Jaquine Castillo and Deputy Warden Mark McDonald submitted by the MDOC Defendants to support their opposition to his motion for a preliminary injunction are fabricated and that the MDOC policy exhibits were manipulated. (*See generally* ECF No. 140.) In denying his motion, Judge Morris found that "Berryman has cited no authority for the proposition that the Court may hold an evidentiary

8

hearing to assess whether the declarations proffered by Castillo and McDonald were submitted in bad faith and the Court has found none." (ECF No. 155, PageID.2069.)

Here, Judge Morris' order resolved a non-dispositive pretrial issue. *See Baker v. Peterson*, 67 F. App'x 308, 301–11 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). "This standard requires the District Court to review findings of fact for clear error and to review matters of law *de novo*." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). A factual finding is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). "And 'an order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted).

The Court finds no clear error in Judge Morris' order—it was not "contrary to law." *Id*. The opposite—Judge Morris had no duty to hold an evidentiary hearing to determine if these declarations were false. *Cf. Cook v. Am. S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998) (explaining that the decision whether to hold a hearing regarding the imposition of sanctions was within the lower court's discretion); *C-TC 9th Ave. P'ship v. Norton Co.*, 113 F.3d 1304, 1313 (2d Cir. 1997) (finding it was within the district court's discretion to decide bad faith issue and dismiss case without a formal

9

evidentiary hearing); *Williamson v. Recovery Ltd. P'ship*, No. 06-00292, 2017 U.S. Dist. LEXIS 49086, at *19 (S.D. Ohio Mar. 21, 2017) ("In the Sixth Circuit, there is no requirement that a full evidentiary hearing be held before imposing sanctions." (internal quotation marks omitted)).

Berryman's objections point to no contrary authority. (*See generally* ECF No. 161.) Instead, he primarily argues that Judge Morris was wrong to not exercise her "inherent power" to hold evidentiary hearings and collects a litany of cases in which courts in this District exercised their discretion to conduct hearings. (*Id.* at PageID.2119 (collecting cases).) But Berryman misses the point—Judge Morris has the "inherent power" to *decide whether or not* to hold a hearing. Here, she decided not to hold one. This Court finds no error in that decision. Thus, the Court OVERRULES Berryman's objections (ECF No. 161).

*Motion to Stay Proceedings*. Finally, the Court addresses Judge Morris' order (ECF No. 180) denying Defendants Coleman and Farris' motion to stay proceedings (ECF No. 178). In their motion, Coleman and Farris advised that they filed a "Motion and Concurrence in YesCare's Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases against Released Parties" with thirty-one other Michigan former employees of Corizon. *In re Tehum*, No. 23-90086, ECF No. 2178. And that this case was listed in that motion as a proceeding that should be enjoined. *In re Tehum,* No. 23-90086, ECF No. 2178-1. Coleman and Farris argued that if their motion in the Bankruptcy Court

is granted,[4] "Berryman will be enjoined from continuing his claims against Defendants." (ECF No. 183, PageID.2505.)

In denying the motion for a stay, Judge Morris explained that during an April 2025 status conference with the parties, Berryman stated that he mailed in a form to opt out of the Plan. (ECF No. 180, PageID.2470.) Judge Morris says that counsel for Coleman and Farris then "indicated that [Berryman] had opted out and that Defendants would not be contesting whether [he] properly opted out. Based on counsel's representation, the parties and Court agreed that the next steps in the case would be lifting the stay and scheduling this matter for a settlement conference." (*Id.*) Thus it was clear that Defendants' motion to stay due to the pending litigation in Bankruptcy Court filed after this status conference "conflict[ed] with the position counsel took during the status conference." (*Id.* at PageID.2471.) So, because "counsel cannot say one thing at a status conference and another in a motion," Judge Morris denied the motion. (*Id.* at PageID.2472.)

Coleman and Farris now object to that order, arguing that Judge Morris was wrong "in her finding that Defendants Coleman and Farris conceded that Plaintiff Berryman 1. Is a Creditor and 2. Opted out of the Plan." (ECF No. 183, PageID.2500–2501.) They argue that Berryman did not properly opt out and they attach evidence which they say confirms that. (*Id.* at PageID.2502 ("As can be seen from the screenshot and Exhibit 1, Mr. Berryman is not a creditor to the bankruptcy, likely

---

[4] That motion was recently heard in the Bankruptcy Court, *In re Tehum,* No. 23-90086, ECF No. 2298, but no decision has been rendered yet.

either because he did not file a proof of claim or filed it after the deadline. Plaintiff's non-creditor status is confirmed by the voting records for the Tehum Bankruptcy Plan.").) And they suggest that any discrepancy between this motion and what was represented at the April status conference is likely the result of miscommunication, not a concerted effort to intentionally mislead the Court. (*Id.* at PageID.2504.)

This Court was not present at the status conference in question and thus has no way of knowing what was or was not said. But the Court trusts, and thus will defer, to the recollection of Judge Morris. Given Berryman's representation that he opted out and defense counsel's previous concessions, Judge Morris did not clearly err, based on her understanding at the time, in denying the motion to stay.

That said, if Coleman and Farris still think that they should be dismissed from this case because Berryman's claims against them are precluded by the Bankruptcy Plan, the best place to litigate whether Berryman properly opted out is in the Bankruptcy Court. (*See id.* at PageID.2506 ("The merits of these motions and arguments are not before this court and are properly litigated in the bankruptcy court, which has jurisdiction.").) Unless and until Coleman and Farris resolve with the Bankruptcy Court the issue of whether Berryman properly opted out of the Plan, this Court will, as Judge Morris did, find that Berryman's representations and defense counsel's concessions are sufficient. Thus, the Court OVERRULES Coleman and Farris' objection. (ECF No. 183.)

## II.

For the reasons above, the Court ADOPTS both of Judge Morris' reports and recommendations (ECF Nos. 117 & 148), OVERRULES Berryman's objections (ECF No. 123 & 157), and thus DENIES Berryman's motions to supplement (ECF No. 111) and for an emergency preliminary injunction (ECF No. 131). The Court also OVERRULES Berryman's objections to Judge Morris' non-dispositive orders regarding substitution of counsel (ECF No. 126) and an evidentiary hearing (ECF No. 161). And the Court OVERRULES Coleman and Farris' objection to Judge Morris' non-dispositive order denying a stay (ECF No. 183).

SO ORDERED.

Dated: August 29, 2025

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE