UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PHILIP BERRYMAN,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE STEPHENSON et al.,<br><br>    Defendants. | Case No. 21-10925<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**ORDER ADOPTING REPORT AND RECOMMENDATION [199],
OVERRULING OBJECTIONS [202], AND DENYING EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER AND
PERMANENT INJUNCTION [187]**

Philip Berryman is an 82-year-old man currently incarcerated at Thumb Correctional Facility in Lapeer, Michigan. He brought this *pro se* civil rights lawsuit under 42 U.S.C. § 1983 in 2021 (ECF No. 1), alleging that various Michigan Department of Corrections employees and Corizon Health contractors failed to properly accommodate his many health needs and subsequently retaliated against him for challenging these failures. Namely, he claims Defendants transferred him to a new facility, deprived him of a single-person cell, and denied him various special medical accommodations, including zipper pants, "medical accommodation shoes," and a wide-brimmed hat for sun protection. (ECF No. 94, PageID.1303–1304, 1306 (Berryman's amended and operative complaint).) After a year of unsuccessful mediation efforts, all pretrial matters in the case were referred to Magistrate Judge

Patricia T. Morris (ECF No. 41), who has handled the many filings Berryman has made in the interim.

Throughout the pendency of this case, Berryman has repeatedly alleged that MDOC's supposed retaliation is ongoing, filing various emergency motions, letters, and "status updates" advising the Court of his continued concerns. (*See, e.g.*, ECF Nos. 122, 124.) The present motion (ECF No. 187) is Berryman's fifth effort to obtain injunctive relief since this case began. (*See* ECF No. 8 (July 2021, motion for restraining order and permanent injunction); ECF No. 20 (December 2021 "emergency" motion); ECF No. 54 (June 2022 "emergency" motion); ECF No. 131 (June 2023 motion).) Therein, Berryman requests an order directing all "Defendants and their agents Joni MacLean, Janet Nixon, May McLaughlin-Shores, K.Kelly,(DD) [sic] and Dr. A Malayva" to return his confiscated protein snacks, urinal, wheelchair cupholder, and eye treatment, as well as provide him with a medically necessary "high protein diet." (ECF No. 187, PageID.2575.)

Defendants oppose the motion. (ECF Nos. 191, 192.) Defendants Farris and Coleman (medical providers previously employed by Corizon) respond that they "were not involved in the alleged retaliatory acts and are not involved in the medical accommodations Mr. Berryman does and does not currently receive." (ECF No. 192, PageID.2629.) The various MDOC defendants also oppose the motion, noting that the issues presented in Berryman's request for injunctive relief were not raised in his operative complaint (ECF No. 94), and thus there is no legal basis for the Court to enjoin the alleged misconduct. (ECF No. 191, PageID.2611–2612.) Magistrate Judge

Morris agreed with Defendants and issued a report and recommendation to deny Berryman's motion. (ECF No. 199.) Berryman filed objections to that recommendation. (ECF No. 202.)

None of Berryman's prior efforts for injunctive relief were successful, and neither is this one. For the reasons below, the Court OVERRULES Berryman's objections (ECF No. 202), ADOPTS Judge Morris' report and recommendation (ECF No. 199), and DENIES Berryman's motion (ECF No. 187.)

### I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review unobjected-to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3).

A.

The Court has carefully reviewed Berryman's motion for temporary order and permanent injunction (ECF No. 187) and the parties' briefing (ECF Nos. 191, 192, 194), Berryman's interim "progress notes" (ECF Nos. 197, 200, 201), Judge Morris' report and recommendation to deny the motion (ECF No. 199), the objections filed by Berryman (ECF No. 202), the MDOC Defendants' response to those objections (ECF No. 204), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Morris' factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. Thus, there are no prejudicial clear errors in Judge Morris' thorough findings or recommendations to deny Berryman's motion for temporary restraining order and permanent injunction.

B.

Berryman's objections fail to support a conclusion to the contrary. Indeed, Berryman's primary concern appears to be that Judge Morris, in analyzing the four factors courts that are required to consider when deciding whether to issue a preliminary injunction, *Thompson v. Dewine*, 976 F.3d 610, 615 (6th Cir. 2020), analyzed the allegations made in Berryman's operative complaint, rather than the new claims raised in the instant motion. (ECF No. 202, PageID.2727–2728 ("Plaintiff's July 14, 2025 Pleading Motion for TRO/PI does NOT mention ANY ZIPPER pants or denying him to purchase them. [Judge Morris' consideration of zipper pants] is a FRAUD and Intentional Misrepresentation, committed by any

4

officer of the court and is an unspeakable violation of Justice . . . .").) Berryman appears to be confused regarding the nature of the preliminary injunction analysis, as Judge Morris was required to consider Berryman's "likelihood of success" on the merits of his claim—that is, the allegations raised in his complaint. And Berryman does allege in his complaint that among the retaliatory acts perpetrated against him was the denial of zipper pants. (ECF No. 94, PageID.1304.)

Indeed, the Court is not empowered to issue injunctive relief for injuries not clearly related to the claims made in his complaint. *See, e.g.*, *Kensu v. Borgerding*, No. 16-13505, 2018 WL 6540262, at *3 (E.D. Mich. Oct. 31, 2018) (denying injunction to compel prison officials to provide plaintiff with Cialis because it was not "clearly related" to plaintiff's initial claims that MDOC violated his First Amendment rights by denying him certain medical devices), *report and recommendation adopted*, 2018 WL 6527782 (E.D. Mich. Dec. 12, 2018). In a similar vein, the Court cannot grant injunctive relief (or any relief) against non-parties. As both Defendants and Judge Morris note, the various "agents" against whom Berryman seeks injunctive relief— "Joni MacLean, Janet Nixon, May McLaughlin-Shores, K.Kelly,(DD) [sic] and Dr. A Malayva"—are not parties to this case and therefore cannot be subject to an injunction in this matter.

Nor are Berryman's claims about his current treatment at Thumb Correctional Facility related to his complaint allegations, which concern past mistreatment at Macomb Correctional Facility. "[N]ew assertions might support additional claims against the same prison officials, [but] they cannot provide the basis for a preliminary

5

injunction in this lawsuit." *Id.* (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994)). And in Berryman's own words, the allegations he makes against the non-parties in the instant motion have "absolutely nothing to do" with the allegations made in his complaint. (ECF No. 202, PageID.2735 ("The Court must review the Pleading before it, and not . . . allow[] others [to] Intentionally place before it excerpts taken from a case file that has absolutely nothing to do with the content of the instant pleadings . . . ."); *see also id.* ("ECF No. 94 [Berryman's operative complaint] has nothing to do with the Plaintiff's July 14, 2025 Motion for TRO/PI . . . .").)

## II.

The Court therefore adopts Judge Morris' report and recommendation in full. (ECF No. 199.) As such, Berryman's emergency motion for temporary order and permanent injunction (ECF No. 187) is DENIED.

SO ORDERED.

Dated: November 6, 2025

                                      s/Laurie J. Michelson  
                                      LAURIE J. MICHELSON  
                                      UNITED STATES DISTRICT JUDGE