## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PHILIP BERRYMAN,

                    *Plaintiff,*

v.

GEORGE STEPHENSON, et al.,

                    *Defendants.*

_____/

Case No. 2:21-cv-10925

Laurie J. Michelson
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS WITHOUT PREJUDICE (ECF No. 212)

This is a prisoner civil rights action. Plaintiff alleges that the named Defendants failed to provide him with requested medical accommodations and also provided him with inadequate medical treatment for ear related issues. (ECF No. 94). He further alleges retaliatory threats of transfer, filing of false misconduct tickets, and deprivation of prison employment. (*See id.* at PageID.1310).

Although there are several Defendants in this action, each falls into one of two groups. The first of which is comprised of employees of the Michigan Department of Corrections (MDOC Defendants) represented by William J. Predhomme, II. The second group consists of former Corizon Health employees (Corizon Defendants), represented by Thomas G. Hackney.

1

Before the Court is Plaintiff's motion to compel more thorough interrogatory answers from MDOC Defendants and for sanctions against Predhomme.  (ECF No. 212).  For the following reasons, this motion will be denied without prejudice.

Plaintiff served his first set of interrogatories on MDOC Defendants on December 5, 2025.  (ECF No. 212, PageID.2829).   Upon stipulation, MDOC Defendants were given until January 16, 2026, to respond, which they did.  (ECF No. 209).  Plaintiff's motion asserts MDOC Defendants' responses are inadequate. (ECF No. 212).   However, while Plaintiff attached a verbatim copy of his interrogatories to his motion, he did not attach a verbatim copy of the answers as required by Eastern District of Michigan Local Rule 37.2.  Instead, his motion provides several examples of the general inadequacies allegedly found throughout MDOC Defendants' response.  This is insufficient.  The Court requires a true copy of MDOC Defendants' response to determine whether any interrogatory answers were insufficient.  *See* E.D. LR 37.2.

Additionally, Plaintiff requests the Court to review the interrogatories and responses and, on its own, find any inadequacies and order appropriate responses. Any renewed motion to compel by Plaintiff must identify the specific inadequacies in MDOC Defendants' response and the legal basis for the motion.  The Court will not comb through MDOC Defendants' response for inadequacies.  *Charmed Ent., LLC v. PrimeOne Ins. Co.*, No. 22-cv-10893, 2023 WL 3901487, at *2 (E.D. Mich.

June 8, 2023) ("Judges are not like pigs, hunting for truffles that might be buried in the record." (citation modified)).

For these reasons, Plaintiff's motion to compel and for sanctions (ECF No. 212) is **DENIED WITHOUT PREJUDICE**.

Finally, the Court acknowledges that there are two other pending motions in this case (ECF Nos. 213, 214) for which briefing is not yet complete.  The parties should continue briefing the pending motions pursuant to the standard briefing schedule found in Local Rule 7.1(e)(1), which provides parties with 14 days to file responses and 7 to file replies.

**IT IS SO ORDERED.**

Dated: March 12, 2026

s/PATRICIA T. MORRIS
PATRICIA T. MORRIS
United States Magistrate Judge