**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| PHILIP BERRYMAN, | Case No. 2:21-cv-10925 |
| *Plaintiff*, | |
| v. | Laurie J. Michelson<br>United States District Judge |
| GEORGE STEPHENSON, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**SANCTIONS (ECF No. 213) AND GRANTING IN PART AND DENYING**
**IN PART DEFENDANTS' MOTION TO COMPEL, EXTEND DEADLINES,**
**AND FOR SANCTIONS (ECF No. 214)**

## I.   Introduction

This is a prisoner civil rights action.  Plaintiff alleges that the named Defendants failed to provide him with requested medical accommodations and also provided him with inadequate medical treatment for ear related issues.  (ECF No. 94).  He further alleges retaliatory threats of transfer, filing of false misconduct tickets, and deprivation of prison employment. (*See id.* at PageID.1310).  Although there are several Defendants in this action, there are generally two groups.  The first group consists of employees of the Michigan Department of Corrections (MDOC) represented by William J. Predhomme, II.  The second group consists of former Corizon Health employees, represented by Thomas G. Hackney (Healthcare

Defendants).

Before the Court are two competing discovery motions seeking (1) sanctions against Hackney for alleged threats of sanctions against Plaintiff (ECF No. 213); and (2) to compel deposition testimony, extend discovery deadlines, and for sanctions against Plaintiff (ECF No. 214).

## II.   Analysis

### 1. Healthcare Defendants' motion to compel, to extend time for discovery, and for sanctions (ECF No. 214)

All Defendants have previously been given authorization to depose Plaintiff. (ECF No. 203, PageID.2752).  On January 9, 2026, MDOC Defendants scheduled Plaintiff's deposition for January 26 and notified him of such.  (ECF No. 210-2, PageID.2816).  Plaintiff initially appeared for his deposition but immediately left after complaining of medical issues. (ECF No. 210-3, PageID.2820–23).  This Court granted MDOC Defendants' motion to compel deposition testimony and extended the discovery deadlines: "Defendants may reschedule the deposition in compliance with the Rules of Civil Procedure."  (ECF No. 211, PageID.2828).  MDOC Defendants sent a new notice for Plaintiff's deposition on February 19, 2026.  (ECF No. 214-1, PageID.2879–80).

Healthcare Defendants' attorney, Hackney, also appeared and attempted to depose Plaintiff after MDOC Defendants had no further questions.  (ECF No. 214-2, PageID.2886; ECF No.214-3, PageID.2895).  Plaintiff objected on two grounds:

(1) Healthcare Defendants had not notified him they would also be deposing him that day; and (2) he had urgent medical needs he had to take care of.  (ECF No. 214-3, PageID.2895–2904).   After discussion between the parties, Plaintiff left the deposition to take care of his health needs.  Plaintiff and Healthcare Defendants filed cross-motions for sanctions and Healthcare Defendants also seek an order compelling Plaintiff to appear for another deposition and to extend the discovery deadlines.  (ECF Nos. 213, 214, 216, 217).

By the terms of Fed. R. Civ. P. 30(b)(1), it would appear Plaintiff is correct that each party in a multi-party suit must serve notice in order to engage in any questioning during a deposition: "A party who wants to depose a person by oral questions *must give reasonable written notice* to every other party."  (Emphasis added).  Indeed, Healthcare Defendants cite to no contrary authority in their motion that would indicate otherwise, merely stating Plaintiff's argument "is not the requirement of the Federal Rules.  All parties are permitted to attend each noticed deposition and examine and cross examine the testifying witness."  (ECF No. 214, PageID.2870).  Nor does Healthcare Defendants' citation to Rule 30(c)(1) discuss the situation here on its face (though their result does logically follow from it): "The examination and cross-examination of a deponent proceeds as they would at trial under the Federal Rules of Evidence" except for several not relevant here.

Nevertheless, the Court agrees with Healthcare Defendants. In his reply brief, Plaintiff cites *Muthana v. Onyango*, No. 23-cv-11665, 2024 WL 5295065 (E.D. Mich. Dec. 9, 2024) as directly on point. It is. But for Defendants' position, not his. *See id.*, at \*3 (collecting cases holding that nothing in Rule 30 entitles plaintiff to separate notice from each defendant prior to taking his deposition), *report and recommendation adopted*, 2025 WL 42957 (E.D. Mich. Jan. 7, 2025); *see also McFarland v. Hous. Auth. of Racine Cnty.*, No. 21-cv-299, 2022 WL 3555118, at \*3 (E.D. Wis. Aug. 18, 2022) ("While the Federal Rules do set many parameters for the administration of depositions, they do not bar joint depositions in multiparty cases, set any particular limits on the number of attorneys who may depose a party, or require a party's consent before proceeding with a joint deposition."); *United Ass'n Nat'l Pension Fund v. Carvana Co.*, 22-cv-2126, 2026 WL 445628, at \*2 (D. Ariz. Feb. 17, 2026) ("In a multi-party lawsuit, one party may notice the deposition and other parties may attend and cross-examine the deponent without having to notice the deposition." (citation modified)); 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2106 (3d Ed. Sept. 2025) ("One purpose of the requirement for reasonable notice to all other parties is to give them the opportunity to cross-examine the deponent.").[1] Additionally, the advisory committee notes to the 2000

---

[1] Another of Plaintiff's citations is to a case where a defendant filed a motion to compel deposition before ever filing a notice and no other defendant had previously served a notice. *See Harding v. Steak N Shake, Inc.*, No 21-cv-1212, 2022 WL 152498 (N.D. Ohio Jan. 18,

amendments to Rule 30 contemplate extending the time allowed for a deposition in multi-party cases: "In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." Both MDOC and Healthcare Defendants were permitted to depose Plaintiff upon MDOC Defendants' notice. *Muthana*, 2024 WL 5295065, at \*3. Therefore, Healthcare Defendants' motion is **GRANTED** to the extent that they seek an additional three-and-a-half hours to depose Plaintiff. They may notice Plaintiff of a new deposition, which compels him to appear. This also establishes good cause to modify the scheduling order. **The discovery deadline is extended to May 1, 2026, for the sole purpose of deposing Plaintiff, and the dispositive motion cut-off date is extended to June 1, 2026**.

Defendants also seek sanctions for Plaintiff's refusal to continue the original deposition. Rule 30(d)(2) allows an appropriate sanction on a person who "impedes, delays, or frustrates the fair examination of the deponent." Healthcare Defendants cite Rule 37(5)(A), which says, if the motion to compel discovery is granted, the court must order the opposing party to pay reasonable expenses incurred in making the motion unless (1) the motion was filed before a good faith attempt to resolve the issue was made, (2) the opposing party's position was substantially justified, or

---

2022). It is therefore inapposite.

(3) "other circumstances" make the award unjust. Again, Defendants engage in no analysis and merely state that Plaintiff's position was not substantially unjustified nor did other circumstances make an award unjust. (ECF No. 214, PageID.2873–74).

But the advisory committee notes to the 2000 amendment again provide important context to the meaning of "other circumstances" that may reasonably impede or delay a deposition, including "a health emergency," for which "ordinarily no sanction would be appropriate." In *Muthana*, Plaintiff refused to answer all questions due to his substantially unjustified position that one defendant had failed to provide notice they would attend the deposition. This Court recommended sanctions should issue and the case be dismissed.

Here, however, Plaintiff also claimed a health emergency. Healthcare Defendants "are aware of Plaintiff's . . . stated health needs" but do not explain why sanctions should still issue despite this reason to delay his continued deposition. (ECF No. 14, PageID.2873). Therefore, Defendants' current request for sanctions is **DENIED**.

The Court notes, however, that this is the second time discovery has been extended to depose Plaintiff because of reported health issues. The Court has given Plaintiff the benefit of the doubt both times, even though some evidence goes against his stated reasons. The Court hereby **CAUTIONS** Plaintiff that if his deposition is

delayed again, the Court will require verification showing good cause for the delay or it may consider more serious sanctions against Plaintiff.

## 2. Plaintiff's motion for sanctions (ECF No. 213)

Plaintiff also moves for sanctions against Healthcare Defendants for alleged threats to call this Court seeking sanctions "intended to intimidate[,] Alarm[,] and chill Plaintiff's free exercising [sic] his Constitutional rights."  (ECF No. 213, PageID.2849).  A review of the transcript belies his arguments:

> MR. HACKNEY:· Mr. Berryman, respectfully, you have a misunderstanding of the notice that was provided to you for this deposition.· That is a notice for the deposition today.· All of the parties and their attorneys have the right to question you, pursuant to that notice, and I have no problem with –
>
> THE WITNESS [Plaintiff]:· It does not say that in here.
>
> MR. HACKNEY:· I have no problem with you taking a break.
>
> THE WITNESS:· Point it out to me where it says that, and I'll stand on my head.
>
> MR. HACKNEY:· Mr. Berryman --
>
> THE WITNESS:· I'm not going to sit here.· If you want to come back in three hours, *give me time to go call the Judge* and disimpact myself, and we'll see if she was forgetful to put your name on there.· I know these two gentlemen.· You know how to depose somebody, and it's not with me.
>
> MR. HACKNEY:· I certainly do.
>
> THE WITNESS:· Okay.
>
> MR. HACKNEY:· So we're willing to reconvene this after you do that,

but am I correct that you're refusing to come back and continue the deposition?

THE WITNESS:· Well, what are we talking about?· You are far from being correct on anything.· This is total crap.· I could probably be back and talk to you at about 3:40, or after that.· But *I'm going to call the Judge* to let her know that your slickness ain't working here.

MR. HACKNEY:· Go ahead and call the Judge.

THE WITNESS:· I will.

MR. HACKNEY:· Have her loop me in.

THE WITNESS:· I'm not going to loop you in to nothing.

MR. HACKNEY:· *I can, if you'd like.· Would you like me to call the Judge right now?· Would that make things easier for you?*

THE WITNESS:· That's up to you.· I'm going out of here right now, so you do what you got to do.· I'm not going to –

MR. HACKNEY:· I'm going to file a motion.

THE WITNESS:· Do it.· Do it.· Do it, buddy.

MR. HACKNEY:· We'll reconvene this at another time, *and I will seek sanctions for your refusing to participate.*

(ECF No. 214-3, PageID.2902–03 (emphases added)).

A reading of the transcript shows that Plaintiff, not Hackney, initially wanted to seek the Court's guidance on the above issue, to which Hackney conceded they could call the Court together.  The possibility of sanctions is also contemplated by the Federal Rules of Civil Procedure as discussed above and was not mentioned in a threatening or intimidating way.  Plaintiff has demonstrated no reason for sanctions

8

to issue against Hackney.  Therefore, Plaintiff's motion for sanctions (ECF No. 213) is **DENIED**.

## III.    Conclusion

Plaintiff's motion for sanctions (ECF No. 213) is **DENIED**.  Healthcare Defendants' motion (ECF No. 214) is **GRANTED IN PART** for an additional three-and-a-half hours to depose Plaintiff and **DENIED IN PART** as to their request for sanctions.  **Plaintiff is ordered to appear for a rescheduled deposition.  The discovery deadline is extended to May 1, 2026, for the sole purpose of deposing Plaintiff, and the dispositive motion cut-off date is extended to June 1, 2026**.

**IT IS SO ORDERED.**

Dated: April 2, 2026

s/PATRICIA T. MORRIS
PATRICIA T. MORRIS
United States Magistrate Judge

9